### BUSSEY vs. THE STATE OF GEORGIA.

Threats of prosecution alone do not amount to that violence which constitutes robbery, except where the threat is to prosecute for an unnatural crime; but if such threats or accusations are accompanied by force, and the property or money is given up in consequence of this force, the transaction is robbery.

October 9. 1883.

Criminal Law. Robbery. Before Judge BOWER. Decatur Superior Court. November Adjourned Term, 1882.

Reported in the decision.

GURLEY & GURLEY, for plaintiff in error.

J. W. WALTERS, solicitor general, for the state.

JACKSON, Chief Justice.

The defendant was convicted of the offence of robbery and sentenced to two years imprisonment in the penitentiary. He moved for a new trial, on the ground that the ver-

dict is contrary to law and the evidence; the court refused to grant the motion, and he excepted, making the single point that the evidence does not support the verdict, and therefore it is unlawful.

The facts are, when analyzed, that the defendant pretended that he was marshal of the town, had on a star designating the office, seized the prosecutor, to whom another was showing a trick at cards, and upon the exclamation of that other, "there's the marshal," pushed him against the wall, threatened to take him to jail unless he paid him money, and thus extorted from him eight dollars, which he said he paid "to keep from going to jail, and he did not want to be bothered."

The question is, do these facts, in any view which the jury could take of them, amount to robbery? No exception is taken to the judge's charge; therefore he charged the exact law of the case.

This law is the same as the English or common law in substance, "intimidation" being substituted for "fear," in our penal code. See page 315 of 12th *Ga. R.*, the case of *Long vs. The State*, where this court holds that the Code makes no alteration in the common law.

In the same case, this court fully expounds the law of this case thus, on pages 318 and 319, in divisions marked 6 and 7, and which exposition is a close and correct summary of the common law: "Again, threats of a prosecution amount to that violence, by construction, which constitutes robbery, only in one instance, and that is when the threat is to prosecute for an unnatural crime; and it will be robbery, whether the party is guilty or not. So abominable is the crime, and so destructive is even the accusation of it of all social right and privilege, that the law considers that the accusation is a coercion which men cannot resist. This seems to be the only case in which a threat to prosecute will supply the place of actual force. So that threats to take one before a magistrate, or to prosecute for any other offence, or accusations of other crimes,

although these may have the effect of extorting money or property from a person, do not make the transaction a robbery.

"If, however, such threats or accusations are accompanied with force, actual or constructive, and the property or money is given up in consequence of this force, the transaction is robbery. Nor is the guilt of the party accused any defence to an act of robbery. If property is extorted by violence upon a charge of larceny, or any other crime, the offence is neither justified nor mitigated by his guilt, nor aggravated by his innocence. The law will not allow property or money to be violently taken away from a citizen because he happens to be a guilty man. He is liable to the law, if guilty, and under the protection of the law, whether innocent or guilty."

These principles will be found in 2 East's Pleas of the Crown, from p. 714 to p. 736, and in 2 Russell on Crimes, p. 117 *et seq.* The presumption is that the court below gave them to the jury, and that the jury found that the money was extorted from the prosecutor by violence, on a charge of gambling, and not by the mere fear of a criminal prosecution for that offence. If the jury so found, and there is evidence of violence sufficient to support the finding, then, under the decision in *Long vs. The State,* the verdict is not contrary to law and evidence.

What violence is proved? The prosecutor was seized, shoved and held against the wall and threatened to be taken to jail, and thus the money was extorted from him. True, he did say that he paid it to keep from going to jail, and he did not want to be bothered; but the jury might well have concluded that, whilst the fear of the jail did enter into the reason of his delivery of the money, the violence of the defendant, the seizure by the collar and pressing him against the wall, contributed largely to it, and made a considerable part of 'that " bother " in which the poor country darkey was involved when in the clutches of these town sharks.

Whilst the mere arrest of him, with the threat to take him to jail (for there was no threat to take him to a magistrate or prosecute him), would not suffice alone to make a case of robbery; yet, accompanied with this ill-usage and violence of seizure, pushing and holding, it does, according to *Long vs. The State*, make such a case.

It follows, that whilst the case on the facts may be close, yet there is evidence of force as well as intimidation about the jail; the transaction itself is violative of all honesty and decency; and whilst this court will rule the law as it understands it, it will not strain it one jot or tittle to shield the perpetrator of such an outrage.

Judgment affirmed.