## JACKSON v. THE STATE.

1. One may be guilty of obtaining money by a false pretense as to his official position and power, if the party defrauded relied on such statement.
2. But where one falsely represents himself to be a United States officer, arrests, and threatens to prosecute for a crime unless money is paid to settle the offense, and the person arrested, being in fear of the prosecution, pays the money, but it is not alleged that the prosecutor believed or relied on any statement made, the offense is not cheating and swindling under the Penal Code, § 670, but blackmail under the Penal Code, § 116, which makes it a misdemeanor to extort money by accusing or threatening to accuse one of a criminal offense.

Argued May 18, — Decided June 1, 1903.

Indictment for cheating and swindling.     Before Judge Butt. Muscogee superior court.   April 3, 1903.

Charles Jackson was indicted for cheating and swindling; "for that the said Charles Jackson . . did . . use the following deceitful means and artful practices, by which he defrauded and cheated John Neal out of the sum of eight dollars, to wit: He, the said Charles Jackson, represented himself to said Neal as being a United States detective; and then and there arrested said Neal, charging him with a criminal offense against the United States, and threatened to take said Neal before the United States court to be prosecuted for said criminal offense; said criminal offense being alleged to be that of the sale of liquor without a license; and he, the said Jackson, offering to settle said case without prosecution upon the payment by Neal of the sum of eight dollars; and he, the said Neal, being in fear of said prosecution, paid the sum of seven dollars in money and one dollars in [other property], and agreed to pay the further sum of $12: whereas in fact said Jackson was not a United States detective, nor any other United States officer, and had no authority to arrest said Neal, nor to settle the alleged offense; by which means said Jackson cheated and defrauded said Neal as aforesaid," etc.    To this indictment the defendant demurred; and the demurrer having been overruled, he excepted pendente lite.    The trial resulted in a verdict of guilty, and defendant's motion for a new trial was overruled.

*J. H. Worrill*, for plaintiff in error.

*S. P. Gilbert*, solicitor-general, and *C. R. Williams*, contra.

LAMAR, J.    The defendant falsely represented himself to be a United States detective, charged the prosecutor with selling liquor without a license, arrested him, and threatened to take him before the United States court to be prosecuted for said offense.    He offered to settle the case without prosecution, upon payment of $8; "and the said Neal, being in fear of said prosecution," paid the money.    As there was no violence, beyond that of the arrest and the threat to prosecute, we are compelled, on authority of *Long* v. *State*, 12 *Ga.* 293, and *Bussey* v. *State*, 71 *Ga.* 100, to hold that it was not robbery.    There was no seizure of property so as to bring the case within the provisions of the Penal Code, § 217.

Neither was it cheating and swindling under the Penal Code,

§ 670.  Where one falsely represents that he holds a particular office, or is authorized to receive money, and thereby defrauds another, a crime may be committed under the provisions of the 11th division of the Penal Code.  Those sections relate to cases in which the defrauded person is deceived, beguiled, tricked, but yet, relying on the false token or the false pretense, voluntarily pays the money for some supposed gain, chance, or value.  These sections do not apply to cases of coercion, where the party with full knowledge acts against his will; or even to cases where in ignorance of the real truth he does not act on any false statement, but because of some fear, apprehension, or motive other than the deceit.  In cases of a prosecution under the law as to false pretenses it will generally be found that the defrauded person was to receive a quid pro quo, and willingly parted with his property for what he thought he was getting.  The indictment here distinctly shows that the money was extorted; that Neal, being in fear of the prosecution, paid the money.  It is not alleged that the defendant pretended that he had the right to settle, or that the other party thought that he had such authority; and the case comes therefore squarely within the letter of the act of 1887 (Penal Code § 116), in which it is provided that if with intent to extort money any person shall accuse or threaten to accuse another of a crime, he shall be guilty of blackmail.  The fact that the defendant falsely represented himself to be an officer may have made the threat of prosecution more effective, but it was none the less extorting the money by means of a threat to accuse and prosecute.  Perkins v. State 67 Ind. 270, 33 Am. R. 89, is not authority for the proposition that the facts alleged amount to obtaining money under false pretenses.  There the defendant fraudulently represented himself to be an officer, exhibited a false token in the shape of a pretended warrant, and fraudulently claimed that he had authority to settle, all of which the defrauded party believed to be true, and paid the money in reliance thereon.  It is more like McCord v. People 46 N. Y. 470.  The facts set out in the indictment made a case of extorting money by a threat to prosecute.  The failure to aver that the defendant represented that he had a right to settle, or that the prosecutor from all the circumstances believed he had such right, takes the case out of the law relating to obtaining money by false representations.  While the facts indicate that

the offense committed was blackmail, the indictment does not con-
tain the averments necessary in an accusation for that crime.

*Judgment reversed.    By five Justices.*