· 430 P.2d 781

STATE of New Mexico, Plaintiff-Appellee,
v.
Tommy SANCHEZ, Defendant-Appellant.
No. 43.

Court of Appeals of New Mexico.
June 30, 1967.

James A. Parker, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

A jury convicted defendant of unarmed robbery. His appeal raises three issues; one is dispositive. That issue is whether defendant's motion for a directed verdict should have been sustained.

Juan Marrujo was using a restroom in a bar. Defendant entered the restroom, took a wallet containing money from Mr. Marrujo's pocket and backed out of the restroom. Defendant started running when the victim yelled.

No weapon was used. No blows were struck. No artifice was employed to obtain the wallet. Mr. Marrujo knew the defendant; however, no words were spoken.

Mr. Marrujo testified that defendant "* * * put his hand in back of me and took my purse, put his hand in my pocket."

The victim testified that in taking the wallet, defendant put his fist against Mr. Marrujo's back; he also testified that he didn't know whether a fist was made because defendant was behind him.

As defined in § 40A–16–2, N.M.S.A. 1953:

"Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence."

Thus, robbery may be committed (1) by use of force or violence or (2) by threatened use of force or violence. As ex-

plained in 2 Wharton's Criminal Law and Procedure, § 554:

"It is essential that the defendant accomplish the taking of the property by means of force or violence or by intimidating or putting the victim in fear. The requirement is stated in the disjunctive so that the offense is committed if either force or fear is present though not both. * * *"

The force or intimidation is the gist of the offense. Mitchell v. State, 408 P.2d 566 (Okl.Crim.1965).

Defendant contends that the evidence fails to establish that either force or fear was used, that his crime, if any, was larceny rather than robbery.

The only evidence bearing on the question of force or fear is the testimony that defendant put his fist against the victim's back. We do not know the manner in which this was done; we do not know the victim's reaction to this act. Does the fist against the back, without more, constitute the force or fear sufficient to sustain a robbery conviction?

Where force is charged, the issue is not how much force was used, but whether the force was sufficient to compel the victim to part with his property. 2 Wharton, supra, § 555.

Where fear or intimidation is charged, " * * * It is necessary to show that the circumstances were such as to cause a reasonable man to apprehend danger and that he could be reasonably expected to give up his property in order to protect himself. * * * That is, it is essential to show that the defendant did acts or said things which reasonably induced fear, and that the victim gave up his property because of the apprehension of danger caused by the defendant." 2 Wharton, supra, § 557.

■ Thus, the force or fear must be the moving cause inducing the victim to part unwillingly with his property. State v. Parsons, 44 Wash. 299, 87 P. 349, 7 L.R.A., N.S., 566 (1906). It must overcome the victim's resistance. Montsdoca v. State, 84

Fla. 82, 93 So. 157, 27 A.L.R. 1291 (1922). It must compel one to part with his property. Harris v. State, 118 Tex.Cr.R. 597, 39 S.W.2d 888 (1931). It must be such that the power of the owner to retain his property is overcome. People v. Williams, 23. Ill.2d 295, 178 N.E.2d 372 (1961).

■ There is no direct evidence that the fist in the back caused the victim to part with his property. From the fist in the back, we cannot infer that the victim was compelled to part with his wallet or that he apprehended danger. See Gonzales v. Shoprite Foods, Inc., 69 N.M. 95, 364 P.2d 352 (1961).

The situation here is comparable to those pickpocket or purse snatching cases, where even though there was some touching or jostling involved as the property was taken, the crime was larceny because of the absence of force or fear. See McClendon v. State, 319 P.2d 333 (Okl.Crim.1957); Harris v. State, supra; Polk v. State, 157 Tex.Cr.R. 75, 246 S.W.2d 879 (1952); Hammond v. State, 121 Tex.Cr.R. 596, 49 S.W.2d 779 (1931); Jones v. Commonwealth, 115 Ky. 592, 74 S.W.263 (1903); Colby v. State, 46 Fla. 112, 35 So. 189 (1903). Compare State v. Parsons, supra; Montsdoca v. State, supra.

■ The motion for directed verdict questioned the evidence to support the charge of unarmed robbery. The motion is to be determined by viewing the evidence in the light most favorable to the State. State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (1967). So viewed, the motion should have been sustained. There is neither evidence nor inference that the wallet was obtained by use or threatened use of force or violence.

The judgment and sentence is reversed. The cause is remanded with instructions to set aside the judgment, dismiss the charge of unarmed robbery and discharge the defendant from custody.

It is so ordered.

HENSLEY, C. J., and SPIESS, J., concur.