472 P.2d 387

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jerry SEGURA, Defendant-Appellant.**

**No. 453.**

Court of Appeals of New Mexico.

May 15, 1970.

Rehearing Denied June 5, 1970.

Certiorari Denied July 2, 1970.

James T. Roach, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Frank N. Chavez, Asst. Atty. Gen., for appellee.

## OPINION

SPIESS, Chief Judge.

Defendant was convicted of a crime of robbery (§ 40A–16–2, N.M.S.A.1953, Repl. Vol. 6). His appeal is presented upon a single point—that the trial court erred in refusing the following requested instruction:

"Even though there is evidence of touching, jostling or falling of the victim as the property was taken, this evidence alone is insufficient to prove use or threatened use of force or violence."

The record discloses that Mrs. Elizabeth Love, the victim, was walking home and carrying a shopping bag which contained her purse. As she proceeded she noticed a young man walking behind her. She testified: " * * * I hesitated just a minute so he would get ahead of me and at that moment why he put his hands on my shopping bag and my purse; my purse was inside my shopping bag."

At another point in the record she testified: " * * * Well, he grabbed the handles (of the shopping bag), I held on pretty tightly, and he—well, he went back across the street to the other side and I was holding on very tightly and then as I got off the sidewalk why he pulled it away, the shopping bag tore and he got my purse. * * *" "I lost my balance when he pulled that shopping bag away and I fell. * * *"

Section 40A–16–2, supra, defines robbery as consisting "of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence."

In State v. Sanchez, 78 N.M. 284, 430 P.2d 781 (Ct.App. 1967), we said:

" * * * robbery may be committed (1) by use of force or violence or (2) by threatened use of force or violence. As explained in 2 Wharton's Criminal Law and Procedure, § 554:

" 'It is essential that the defendant accomplish the taking of the property by means of force or violence or by intimidating or putting the victim in fear.' "

We further said:

"Where force is charged, the issue is not how much force was used, but whether the force was sufficient to compel the victim to part with his property."

Since the amount or degree of force is not the determinative factor, evi-

dence of jostling or causing the victim to fall as property is taken may constitute a showing sufficient to establish the use of force. Mrs. Love's testimony makes it clear that her fall was an incident of the force employed in the taking of her purse.

The instruction requested by defendant was properly refused in that it is an incorrect statement of law and not warranted by the evidence. Further, the requested instruction might tend to mislead the jury and invade its province.

Authorities cited by appellant do not compel a different result.

The judgment is affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.