489 P.2d 1182

STATE of New Mexico, Plaintiff-Appellee,

v.

David BACA, Defendant-Appellant.

No. 678.

Court of Appeals of New Mexico.

Oct. 8, 1971.

Larry D. Beall, Toulouse, Moore & Walters, P. A., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Ronald Van Amberg, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

COWAN, Judge.

Defendant appeals following his conviction of armed robbery, Section 40A–16–2, N.M.S.A.1953 (Repl.Vol. 6).

He urges two points for reversal but insufficiency of the evidence is the main thrust of both and is determinative.

We reverse.

The statute provides:

"Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence."

The use or threatened use of force or violence is not, in and by itself, sufficient. It must be the lever by which the thing of value is separated from the person or immediate control of another. The evidence on this point falls short of that necessary to convict. State v. Sanchez, 78 N. M. 284, 430 P.2d 781 (Ct.App.1967).

On February 15, 1970, at approximately 1:00 o'clock A.M., the defendant entered the Cross Roads Bar, a combination bar and package store, in Albuquerque, New Mexico. Three employees, Eddie Tapia,

Liz Rivera and Arthur Garcia, also known as Junior, were present. Defendant ordered a quart of beer and, as Mr. Tapia started to ring up the sale, jumped over the counter with a butcher knife in his hand.

Mr. Tapia was, as he testified, taken by surprise. The record is silent as to what next occurred but, sometime thereafter, the defendant ran toward the door. As he reached it, he collided with Arthur Garcia, who had been alerted by a call from Liz Rivera, "Junior, the register!" and by glass breaking. A scuffle ensued, with Mr. Garcia being joined by Eddie Tapia and a customer or two. Defendant was subdued and then released. He fled, leaving behind his coat, cap and the knife. A five dollar bill and a one dollar bill were found at the scene, and "about $275.00" was missing from the cash register when it was checked by Mr. Tapia and Mr. Garcia shortly thereafter. No testimony as to the taking of the money by the defendant was offered by the State. Liz Rivera did not testify and Mr. Tapia testified only to surprise.

·  Arthur Garcia testified that Mr. Tapia later said "I was going to do something but I was too scared." This testimony, while hearsay, was admitted without objection and therefore is competent. Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968); State v. Trujillo, 60 N.M. 277, 291 P.2d 315 (1955). But, as our Supreme Court stated in State v. Romero, 67 N.M. 82, 352 P.2d 781 (1960)

> " * * * this rule does not operate to make objectionable testimony conclusive proof of the matter asserted therein. The fact that it was hearsay does not prevent its use as proof so far as it has probative value, but this is limited to the extent of whatever rational persuasive power it may have. * * *"

Therefore, even assuming the defendant took some money from the cash register, was there proof that force or fear was the moving cause inducing Eddie Tapia to part unwillingly with it? We think not. State v. Sanchez, supra. Eddie Tapia was the logical witness to testify to the necessary facts, if facts there were. He did not do so. He and he alone had the knowledge of whether he parted with anything of value, in this case money from the cash register, from his immediate control through the use or threatened use of force or violence on the part of the defendant.

The defendant's motion for a directed verdict, questioning the sufficiency of the evidence for a conviction of armed robbery, should have been sustained.

The judgment and sentence is reversed. The cause is remanded with instructions to vacate the conviction, judgment and sentence, and dismiss the charge under which the defendant was prosecuted.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.