513 P.2d 402

STATE of New Mexico, Plaintiff-Appellee,

v.

Pete MARTINEZ, Defendant-Appellant.

No. 1160.

Court of Appeals of New Mexico.

Aug. 1, 1973.

Gloria Lyons, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Lee Griffin, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of robbery, § 40A–16–2, N.M.S.A.1953 (2d Repl. Vol. 6), defendant appeals. Use or threatened use of force is an essential element of robbery under § 40A–16–2, supra. State v. Walsh, 81 N.M. 65, 463 P.2d 41 (Ct.App.1969). Defendant contends the evidence concerning force is insufficient to sustain his conviction. We disagree.

The victim was walking on the sidewalk on the north side of Central Avenue in Albuquerque, just west of the railroad underpass. At this point, the sidewalk is several feet above the street. The victim had some one dollar bills in the breast pocket of his jacket. Defendant grabbed this money, ripping the pocket. The victim yelled, " 'Give me back my money.' " Defendant hit the victim, knocking him against the railing separating the sidewalk from the street. The victim grabbed the railing to keep from falling into the street. The victim and defendant then began fighting.

Defendant claims there was only a snatching or sudden taking of the money, and relies on State v. Sanchez, 78 N.M. 284, 430 P.2d 781 (Ct.App.1967) and State v. Baca, 83 N.M. 184, 489 P.2d 1182 (Ct. App.1971). Here, there was more than a "mere snatching" and the facts differ from those in State v. Sanchez, supra, and State v. Baca, supra.

The use or threatened use of force " * * * must be the lever by which the thing of value is separated * * * " from the victim. State v. Baca, supra.

The amount or degree of force is not the determinative factor. Evidence of jostling or causing the victim to fall as property is taken is a sufficient showing to establish the use of force. State v. Segura, 81 N.M. 673, 472 P.2d 387 (Ct.App.1970).

Here, the ripping of the jacket pocket in grabbing the money, and knocking the victim against the railing, was a showing of sufficient use of force to sustain the conviction. Thus, we need not consider the fight that followed.

The judgment and sentence is affirmed. It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.