537 P.2d 1003 (1975)
88 N.M. 103
STATE of New Mexico, Plaintiff-Appellee,
v.
Arnold KENARD, Defendant-Appellant.
No. 1645.
Court of Appeals of New Mexico.
June 18, 1975.
Certiorari Denied July 16, 1975.
Justin Reid, Santa Fe, for defendant-appellant.
Toney Anaya, Atty. Gen., Ralph W. Muxlow II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION
WOOD, Chief Judge.
Convicted of unlawful possession of heroin, defendant appeals. Section 54-11-23, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, Supp. (1973). The issues concern: (1) sufficiency of the evidence, and (2) search and seizure.

Sufficiency of the Evidence
Upon execution of a search warrant, heroin was found in ten aluminum foil packets. The packets were in an amber vial. The vial was a prescription bottle and the prescription had been made out to defendant. The contention is that this evidence establishes that the heroin was not possessed unlawfully. Defendant relies on § 54-11-23, supra, which prohibits possession "* * * unless the substance was obtained pursuant to a valid prescription or *1004 order of a practitioner while acting in the course of his professional practice * * *."
Defendant advances various legal arguments concerning the above evidence. Each of the arguments bottoms on the inference to be drawn from the evidence. Defendant asserts the evidence "supports a reasonable inference that the substance in the medicine vial was obtained pursuant to a valid prescription." It does not.
A reasonable inference is a conclusion arrived at by a process of reasoning. The conclusion must be a rational and logical deduction from facts admitted or established by the evidence when such facts are viewed in light of common knowledge or experience. Dull v. Tellez, 83 N.M. 126, 489 P.2d 406 (Ct.App. 1971).
The facts extablished by the evidence are that ten aluminum foil packets containing heroin were found in a prescription bottle and that the prescription had been made out to defendant. Viewing these facts in the light of common knowledge or experience, we cannot rationally or logically deduce that the heroin was validly prescribed. Specifically, the presence of ten aluminum foil packets of heroin in a bottle which does not identify defendant's prescription does not permit a rational conclusion based on common knowledge or experience that the heroin either was prescribed or was validly prescribed. Compare State v. Baca, 83 N.M. 184, 489 P.2d 1182 (Ct.App. 1971).

Search and Seizure
Defendant claims the heroin was illegally seized. This contention is based on the method used by the officers in entering defendant's home  a trailer house.
A search warrant was obtained. The warrant authorized a search of defendant and his house trailer for heroin and other controlled substances. No attack is made on the warrant; there is no issue as to "probable cause" for issuance of the warrant.
Three officers were assigned to execute the warrant. Two of the three officers took positions where they were not visible from the front door of the trailer. Officer Moore in plain clothes and long hair, affecting the manner and speech of a "hippie" and posing as a heroin user, attempted to get defendant to open the door. The ruse was not successful.
"Defendant Kenard re-entered the interior of his residence without opening the door; shortly thereafter he returned to the door where he was partially visible to Officer Moore. Officer Moore then attempted again to persuade the Defendant to open the door by means of his subterfuge.
"In light of Defendant's apparent refusal. Officer Moore then withdrew his badge from his clothing, held it up visible to the Defendant, and opened his coat displaying his firearm to the Defendant, at the same time stating the words `police officer.' Officer Moore intended to state that he had a Search Warrant for the residence in his possession; however, before he was able to do so, the Defendant disappeared from the door, turned out the lights, and was heard to run somewhere into the interior of the mobile home.
"At this juncture, Officer Moore entered the residence by force, by breaking out the glass pane in the door, and opening the door out towards him. * * *
* * * * * *
"Officer Shaw, stationed at the rear door of the trailer, heard Officer Moore state that he was a police officer. Officer Shaw then heard someone inside the house shout `it's the damn police,' and run towards him, whereupon the rear door sprang open, and the Defendant appeared, apparently attempting to flee. Officer Shaw, who had his firearm in his hand, directed the Defendant to raise his hands, and return to the interior of the residence."
Thereafter defendant was served with the search warrant, a search was conducted and the heroin found.
*1005 The foregoing recital is based on findings made by the trial court. Substantial evidence supports those findings.
The trial court concluded:
"* * * Officer Moore first attempted to persuade Defendant Kenard to open the door to his residence in a peaceable manner via use of a subterfuge. Defendant Kenard refused to open the door whereupon Officer Moore displayed his identification and announced his authority. Defendant Kenard then fled from the door, thereby refusing Officer Moore entrance. At that point, Officer Moore lawfully could, and lawfully did, enter the residence by force."
Defendant claims that Moore's conduct made the search unlawful within the constitutional provision prohibiting unreasonable searches. N.M.Const., Art. II, § 10. The conduct complained of is the ruse and the forcible entry.
Moore did not enter by ruse. Entry by ruse is not an independent issue. See State v. Chavez, 87 N.M. 180, 531 P.2d 603 (Ct.App. 1974). The unsuccessful ruse, however, is pertinent to the reasonableness of Moore's entry by force.
The law as to forcible entry is stated in State v. Baca, 87 N.M. 12, 528 P.2d 656 (Ct.App. 1974), as follows:
"* * * an officer, prior to forcible entry, must give notice of authority and purpose, and be denied admittance. This is a general standard. Noncompliance with this standard is justified if exigent circumstances exist. Examples, but not a catalogue, of exigent circumstances are:
(1) when, prior to entry, officers in good faith believe that they or someone within are in peril of bodily harm; or
(2) when prior to entry, officers in good faith believe that the person to be arrested is fleeing or attempting to destroy evidence. These standards apply both to an officer executing a search warrant and to an officer making an arrest on probable cause. * * * The reasonableness of each search and seizure is to be decided upon its own facts and circumstances in light of these general standards. * * *
"If there are exigent circumstances they must be known to the officers beforehand. * * *"
There is evidence that Moore gave notice of his authority and evidence that he was denied admittance. There is no evidence that Moore stated his purpose. The State argues that a statement of purpose was excused because when Moore identified himself as a police officer, defendant ran away from the door. The State contends a statement of purpose would be a useless gesture in these circumstances. See United States v. Singleton, 439 F.2d 381 (3d Cir.1971); People v. Vasquez, 1 Cal. App.3d 769, 82 Cal. Rptr. 131 (1969), cert. denied 398 U.S. 938, 90 S.Ct. 1840, 26 L.Ed.2d 270 (1970). It is unnecessary to answer this contention. Nor do we consider the State's argument that Moore substantially complied with the notice requirements of State v. Baca, supra.
Our view is that exigent circumstances made the forcible entry lawful. The exigent circumstance is that Moore, in good faith prior to entry, believed that defendant was fleeing.
The evidence is substantial that after Moore stated he was a police officer and showed his badge and gun, defendant disappeared from the door, turned out the lights and was heard running. Defendant asserts these circumstances cannot justify the forcible entry because what defendant fled from was a man appearing as a drug-using hippie.
Defendant relies on Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Wong Sun, supra, expressly did not consider exigent circumstances; it is pertinent only in connection with Moore's ruse. There, an officer attempted entry by ruse which was unsuccessful. The officer identified himself as a narcotics agent, Toy slammed the door and fled. The United States Supreme Court stated *1006 the officer never adequately dispelled the misimpression engendered by his own ruse before Toy fled. That is not the situation in this case. The evidence shows any misimpression as to Moore being a police officer was dispelled. Shaw heard someone shout "it's the damn police" and run toward him. That person was defendant.
The trial court's findings are to the effect that defendant had turned out the lights and fled prior to Moore's forcible entry. Thus the requirement that the officer have prior knowledge of the exigent circumstance was met.
The judgment and sentence are affirmed.
It is so ordered.
SUTIN and HERNANDEZ, JJ., concur.