**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

JOSE VELASQUEZ,

Defendant - Appellee.

No. 17-2150
(D.C. No. 1:15-CR-03230-MV-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

The government appeals the district court's determination that New Mexico

robbery is not a crime of violence under the Armed Career Criminal Act (ACCA) of

1984, 18 U.S.C. § 924(e). For the reasons explained below, we reverse.

**Background**

Jose Velasquez pleaded guilty to being a felon in possession of a firearm in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The ACCA establishes a mandatory

minimum sentence of 15 years in prison for an individual who both violates § 922(g) and

has three prior convictions for "violent felon[ies]." § 924(e). Velasquez has three prior

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive
value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

felony convictions, two of which are convictions for armed robbery under New Mexico law. The probation office determined that all three convictions are violent felonies and recommended that Velasquez be sentenced as an armed career criminal under the ACCA.

Velasquez objected to the sentence recommendation and argued that his robbery convictions are not predicate offenses under the ACCA because New Mexico robbery does not have" as an element the use, attempted use, or threatened use of physical force." R. vol. 1, 25 (quoting § 924(e)(2)(B)(i)). Therefore, according to Velasquez, New Mexico robbery is not a "violent felony" within the meaning of the ACCA. *Id.* The district court sustained the objection, and the government appealed.

The government then asked to abate this case pending the resolution of *United States v. Garcia*, 877 F.3d 944 (10th Cir. 2017), which presented the same issue. We granted the government's motion and then lifted the abatement after we issued our decision in *Garcia*.

**Analysis**

We review de novo whether New Mexico robbery is a violent felony and thus a predicate offense for purposes of the ACCA's mandatory minimum sentence. *See United States v. Hill*, 53 F.3d 1151, 1153 (10th Cir. 1995). The ACCA defines "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). And New Mexico's robbery statute defines robbery as "the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence." N.M. Stat. Ann. § 30-16-2. "Therefore, the two basic elements of [New

2

Mexico] robbery are theft and the use or threatened use of force." *State v. Bernal*, 146 P.3d 289, 294 (N.M. 2006). But although both the ACCA and New Mexico robbery refer to "force," our inquiry does not end there. That is because under the ACCA, "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person."[1] *Johnson v. United States*, 559 U.S. 133, 138,140 (2010) (quoting § 924(e)(2)(B)(i)). Thus, we must determine whether New Mexico robbery requires the use of physical force that is "capable of causing physical pain or injury to another person." *Id.* at 140.

In doing so, "we apply the categorical approach, focusing on the elements of the crime of conviction, not the underlying facts."[2] *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017). Under this approach, we "identify the minimum force required by [New Mexico] law for the crime of robbery and then determine if that force categorically fits the [ACCA's] definition of physical force." *Id*. at 1264 (emphases omitted). Such determination is not a theoretical exercise. *See id.* Instead, we examine decisions from the New Mexico Supreme Court, supplemented by decisions from the New Mexico Court of Appeals, to determine whether there is a "realistic probability" that the minimum force

---

[1] The definition of physical force has two parts: it "means force that is both (1) physical and (2) violent." *United States v. Fagatele*, 944 F.3d 1230, 1233 (10th Cir. 2019). Here, the parties only dispute—and therefore we only address—whether the force required to commit New Mexico robbery is violent.

[2] Whether we apply the categorical approach or the modified categorical approach depends on whether the statute is divisible. *See United States v. Titties*, 852 F.3d 1257, 1267 (10th Cir. 2017). Here, both parties propose that we apply the categorical approach, so we assume that the statute is indivisible and apply that approach.

required to commit New Mexico robbery comports with the force required by the ACCA. *Id.*

Below, the district court determined that New Mexico robbery is not a violent felony under the ACCA and thus implicitly concluded that New Mexico robbery does not require the use of violent force. But while this appeal was pending, we held in *Garcia* that New Mexico robbery *is* a violent felony under the ACCA. 877 F.3d at 956. And in doing so, we analyzed the ACCA's physical-force requirement in terms of force that is "more than minimal actual force." *Id.* at 950.

Nevertheless, Velasquez urges us not follow *Garcia*'s holding: according to Velasquez, *Garcia* is no longer good law after the Supreme Court's intervening decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019). *Stokeling*, for its part, analyzed ACCA force in terms of overcoming a victim's resistance. 139 S. Ct. at 550. And this court did question, post-*Stokeling*, whether overcoming resistance could theoretically differ from *Garcia*'s minimal-force approach. *See United States v. Ash*, 917 F.3d 1238, 1242 n.5 (10th Cir. 2019) (noting that *Garcia* "arguably applied" different standard than *Stokeling*), *petition for cert. filed*, (U.S. June 12, 2019) (No. 18-9639). But we recently decided, contrary to Velasquez's argument, that *Garcia* remains good law because *Stokeling* supplements—rather than undermines—*Garcia*. *See United States v. Manzanares*, No. 18-2010, slip op. at 7 (10th Cir. Apr. 17, 2020). Thus, our interpretation of New Mexico's robbery statute is controlled by *Garcia* and requires our reversal of this case. But because Velasquez frames the majority of his arguments in terms of *Stokeling*,

we further conclude—for the reasons explained below—that *Stokeling* likewise requires reversal.

In *Stokeling*, the Court examined the nature of physical force under the ACCA in the context of a Florida robbery statute. *Stokeling*, 139 S. Ct. at 550. Specifically, the Court considered whether force required to overcome a victim's resistance constituted physical force under the ACCA. *Id.* In considering this issue, the Court determined that ACCA force "encompasses the degree of force necessary to commit common-law robbery." *Id* at 555. And it further concluded that common-law force does not require a particular degree of violence by the perpetrator or a particular degree of resistance from the victim. *Id.* at 550. Instead, theft becomes common-law robbery when any amount of force is used to overcome any amount of resistance. *Id.* For example, common-law robbery includes the force used to break a chain attached to a person as well as the force required "to pull a diamond pin out of a woman's hair when doing so tore away hair attached to the pin." *Id.* And because the ACCA includes the same level of force required to commit common-law robbery, the Court held that the ACCA "encompasses robbery offenses that require the criminal to overcome the victim's resistance." *Id.*

Here, the application of *Stokeling* to New Mexico's robbery statute leads to the same result. "[T]he two basic elements of [New Mexico] robbery are theft and the use or threatened use of force." *Bernal*, 146 P.3d at 294. And New Mexico courts specify that theft of property "attached" to an individual or to his or her clothing becomes robbery only when the defendant uses "sufficient force so as to overcome the resistance of attachment." *State v. Curley*, 939 P.2d 1103, 1105 (N.M. Ct. App. 1997). That is, "the

5

force or threatened use of force must be the lever that serves to separate the property from the victim." *State v. Hamilton*, 6 P.3d 1043, 1046 (N.M. Ct. App. 2000); *see also State v. Lewis*, 867 P.2d 1231, 1233 (N.M. Ct. App. 1993) ("[T]he use or threatened use of force must be the factor by which the property is removed from the victim's possession."). For example, in *State v. Segura*, the defendant committed robbery when the force required to take the victim's tightly held purse caused her to lose her balance and fall. 472 P.2d 387, 387–88 (N.M. Ct. App. 1970). On the other hand, in *State v. Sanchez*, a defendant who merely picked a victim's pocket was not guilty of robbery because force or threat of force was not the "moving cause inducing the victim to part unwillingly with his [or her] property." 430 P.2d 781, 782 (N.M. Ct. App. 1967). Thus, because (1) *Stokeling* makes clear that the force necessary to overcome a victim's resistance qualifies as violent force under the ACCA and (2) New Mexico robbery requires force necessary to overcome a victim's resistance, the minimum amount of force needed to commit New Mexico robbery is violent force under the ACCA under *Stokeling*. *See United States v. Barela*, 768 F. App'x 821, 824 (10th Cir. 2019) (unpublished) (concluding that New Mexico robbery is predicate offense for ACCA under test set forth in *Stokeling*).

Velasquez's arguments to the contrary do not alter this conclusion. Velasquez first argues that "the amount of force necessary" to commit New Mexico robbery is "wholly immaterial" such that New Mexico robbery does not require violent force. Aplee. Br. 10. In support, he cites cases indicating that, when determining whether a theft amounts to New Mexico robbery, "the issue is not how much force was used." *Sanchez*, 430 P.2d at 782; *see also Segura*, 472 P.2d at 387 ("[T]he amount or degree of force is not the

6

determinative factor."). But despite these isolated statements, these cases, when read in their entirety, do not suggest that the amount of force used is irrelevant—instead they indicate that the issue is "whether the force was sufficient to compel the victim to part with his [or her] property." *Sanchez*, 430 P.2d at 782. And *Stokeling* held that the type of force that overcomes a victim's resistance is violent force—no matter how much of that particular type of force is used. *See* 139 S. Ct. at 553 (explaining that nonviolent "nominal" force "is *different in kind* from the violent force necessary to overcome resistance by a victim" (emphasis added)). That is, the New Mexico robbery statute, like the statute at issue in *Stokeling*, defines force not in terms of degree but in terms of overcoming resistance. *See Curley*, 939 P.2d at 1105. And according to *Stokeling*, overcoming resistance necessarily qualifies as violent force and is thus sufficient to satisfy the physical-force requirement of the ACCA. *See Stokeling*, 139 S. Ct. at 555.

Next, Velasquez argues that under *Stokeling*, the threat of force necessary to satisfy the ACCA must "*instill fear* to cause a reasonable person to part with the property" and that New Mexico robbery does not require that threats of force do so. Aplee. Br. 15 (emphasis added). Specifically, he argues that *Stokeling* "tacitly adopted the common law's differentiation between constructive" and "actual force" and that at common law, constructive force had to put a victim in fear. *Id.* 14–15. But Velasquez's argument mischaracterizes *Stokeling*. Although *Stokeling* held that ACCA force encompasses the common law, it did not *limit* ACCA force to the common law. *See* 139 S. Ct. at 551. Thus, *Stokeling* did not "tacitly adopt[] the common law's differentiation between constructive" and "actual force." Aplee. Br. 14.

7

Further, even assuming that *Stokeling* did adopt the common-law differentiation between constructive and actual force, Velasquez also mischaracterizes common-law constructive force. Velasquez's position is that common-law constructive force and, by extension, ACCA constructive force, requires a threat menacing enough to make the robbery victim feel fear. And it is true that common-law robbery characterized constructive force as the taking of property by "putting in fear." 4 William Blackstone, *Commentaries on the Laws of England* 242 (1769) [hereinafter Blackstone]; *see also Stokeling*, 139 S. Ct. at 550 (relying on 1769 edition of Blackstone's *Commentaries on the Laws of England* for definition of common-law robbery when analyzing ACCA). But contrary to its phrasing, "putting in fear" did not require "a degree of terror or affright in the party robbed." Blackstone at 242. Instead, constructive force was sufficient to constitute robbery if the force "oblige[d] a man [or woman] to part with his [or her] property without or against his [or her] consent." *Id.* Thus, the common law analyzed constructive force in the same way as it analyzed actual force, where the requisite level of force was a matter of causality, not degree. *See Stokeling*, 139 S. Ct. at 550. Accordingly, and contrary to Velasquez's argument, we need not consider whether New Mexico robbery requires that a victim reasonably feel fear because, even under the common-law constructive-force analysis, the pertinent inquiry is whether the threat of force caused the victim to part with his or her property. And here, New Mexico robbery requires that "the force or threatened use of force . . . be the lever that serves to separate the property from the victim." *Hamilton*, 6 P.3d at 1046. Therefore, we reject Velasquez's argument that

New Mexico robbery is not a predicate offense under the ACCA because it does not require putting a victim in fear.

## Conclusion

New Mexico's robbery statute requires violent force that categorically fits the definition of physical force in § 924(e)(2)(B)(i) of the ACCA. Therefore, New Mexico robbery is a predicate offense for purposes of the ACCA. We reverse the ruling of the district court concluding otherwise and remand for resentencing consistent with this opinion.

Entered for the Court


Nancy L. Moritz
Circuit Judge