**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ARCHIE MANZANARES,

     Defendant - Appellant.

No. 18-2010

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. Nos. 1:16-CV-00599-WJ-SMV & 1:12-CR-01563-WJ-1)**
_____

Margaret A. Katze, Assistant Federal Public Defender, Office of the Federal Public Defender for the District of New Mexico, Albuquerque, New Mexico, appearing for Appellant.

C. Paige Messec, Assistant United States Attorney (John C. Anderson, United States Attorney, with her on the briefs), Office of the United States Attorney for the District of New Mexico, Albuquerque, New Mexico, appearing for Appellee.
_____

Before **BRISCOE**, **KELLY**, and **CARSON**, Circuit Judges.
_____

**BRISCOE**, Circuit Judge.
_____

Defendant-Appellant Archie Manzanares appeals from the district court's denial of his 28 U.S.C. § 2255 motion challenging his sentence under the Armed Career Criminal Act (ACCA). Because the district court granted a certificate of appealability

(COA) as to one issue, we exercise jurisdiction under 28 U.S.C. § 2253. We affirm the denial of relief and deny Mr. Manzanares's motion to expand the COA.

**I**

On April 1, 2013, Mr. Manzanares pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and to possession of a controlled substance, in violation of 21 U.S.C. § 844. ROA, Vol. II at 11. His plea agreement provided for a 15-year sentence if the district court determined he was an armed career criminal. *Id.* at 12. On July 2, 2013, after concluding that Mr. Manzanares had at least three prior violent felonies and thus qualified as an armed career criminal, the district court imposed the 15-year sentence contemplated by the plea agreement. *Id.*, Vol. IV at 5.

Under the ACCA, an offense qualified as a violent felony by satisfying at least one of three definitions, which have come to be known as the Elements Clause, the Enumerated Clause, and the Residual Clause. *See* 18 U.S.C. § 924(e)(2)(B); *United States v. Garcia*, 877 F.3d 944, 946 (10th Cir. 2017), *cert. denied*, 139 S. Ct. 1257 (2019). After Mr. Manzanares's conviction was final, the Supreme Court invalidated the Residual Clause as being unconstitutionally vague, *see Johnson v. United States*, 135 S. Ct. 2551, 2557, 2563 (2015) (*Johnson II*), and then made *Johnson II* applicable to cases on collateral review, *see Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

In his timely *Johnson II*-based § 2255 motion, Mr. Manzanares asserted that without the Residual Clause, his underlying New Mexico convictions (armed robbery, aggravated assault with a deadly weapon, and aggravated battery) no longer

2

qualified as violent felonies. The district court denied the motion, concluding that all three underlying convictions satisfy the Elements Clause. ROA, Vol. I at 184. It then granted a COA regarding the armed robbery conviction but denied a COA as to the other two convictions.[1] *Id.* at 186–87. Mr. Manzanares appeals the classification of the armed robbery conviction as a violent felony, and he seeks to expand the COA to allow him to appeal the decision regarding the aggravated assault with a deadly weapon and aggravated battery convictions.

## II

The district court granted a COA on the issue of whether armed robbery in violation of N.M. Stat. Ann. § 30-16-2 satisfies the Elements Clause. We review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error. *Garcia*, 877 F.3d at 947–48. Whether a prior conviction satisfies the ACCA's violent felony definition is a legal question we review de novo. *Id.* at 948. The government bears the burden of proving a prior conviction qualifies under the ACCA. *Id.*

---

[1] The district court did not require Mr. Manzanares to show that the Residual Clause played a role in his sentencing. *See United States v. Snyder*, 871 F.3d 1122, 1130 (10th Cir. 2017) (affirming denial of relief where the defendant was sentenced under the Enumerated Clause, rather than the Residual Clause). We need not determine what effect the Residual Clause had at sentencing, however, because any error in applying the Residual Clause would be harmless, as the government has shown that Mr. Manzanares has three convictions that qualify as violent felonies under the Elements Clause. *See United States v. Driscoll*, 892 F.3d 1127, 1135–36 (10th Cir. 2018) (stating a *Johnson II* error would be harmless if the defendant has three valid predicate convictions to support an ACCA sentence).

3

To determine this issue, we apply the "categorical approach," focusing on the elements of the crime of conviction, not the underlying facts. *Id.* The Elements Clause provides that a conviction is a "violent felony" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "[T]he phrase 'physical force' means *violent* force— that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*) (emphasis in original).

We must first identify the minimum "force" required by state law for the crime of conviction, and second determine if that force categorically fits the definition of physical force. *United States v. Ontiveros*, 875 F.3d 533, 535–36 (10th Cir. 2017). "When construing the minimum culpable conduct required for a conviction, such conduct only includes that in which there is a realistic probability, not a theoretical possibility, the state statute would apply." *Id.* at 536 (internal quotation marks omitted).

N.M. Stat. Ann. § 30-16-2 provides as follows:

Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.

Whoever commits robbery is guilty of a third degree felony.

Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

After the district court issued its decision in this case, this court decided *Garcia*, where we considered whether a conviction for third degree robbery under the same New Mexico robbery statute qualified as a violent felony under the Elements

4

Clause. We held that third degree robbery "categorically matches the definition of 'physical force' the Supreme Court assigned in *Johnson I*" as it "has an element the use or threatened use of physical force against another person." *Garcia*, 877 F.3d at 956. In concluding that robbery under § 30-16-2 "is a violent felony under the ACCA's Elements Clause," *id.*, we emphasized that the "mere[] snatching [of property] without any resistance from the victim would not" satisfy "the element of force for robbery" under the New Mexico statute, *id.* at 954 (citing *State v. Curley*, 939 P.2d 1103, 1105 (N.M. Ct. App. 1997)) (concluding that "when no more force is used than would be necessary to remove property from a person who does not resist, then the offense is larceny, and not robbery").

After *Garcia* was decided, the Supreme Court decided *Stokeling v. United States*, 139 S. Ct. 544, 550 (2019), which held that the ACCA's Elements Clause "encompasses robbery offenses that require the criminal to overcome the victim's resistance." After issuing *Stokeling*, the Supreme Court denied certiorari in *Garcia*. *See Garcia v. United States*, 139 S. Ct. 1257 (2019).

The government contends *Stokeling* and *Garcia* control the outcome in this case. Mr. Manzanares responds that *Garcia* was wrongly decided and that New Mexico robbery does not have as an element the use of physical force as described by *Stokeling*. We agree with the government that *Stokeling* and *Garcia* are controlling.

We acknowledge "[w]e cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724

5

(10th Cir. 1993) (per curiam).  Further, "when a panel of this Court has rendered a decision interpreting state law, that interpretation is binding on . . . subsequent panels of this Court, unless an intervening decision of the state's highest court has resolved the issue."  *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003).

*Garcia* held that a conviction for simple robbery under § 30-16-2 satisfies the Elements Clause, and, as Mr. Manzanares concedes, interpreted the statute to require force that overcomes the victim's resistance.  *See* Aplt. Br. at 21 ("As the *Garcia* panel acknowledged, numerous New Mexico cases expressly state that 'any quantum of force which overcomes resistance would be sufficient to support a robbery conviction.'") (citing *Garcia*, 877 F.3d at 956).  If simple robbery satisfies the Elements Clause, then necessarily armed robbery under the same statute would satisfy the Elements Clause.  We are bound by *Garcia*'s interpretation of the New Mexico robbery statute, and we are unpersuaded by Mr. Manzanares's arguments urging us to reconsider its holdings.

First, *Stokeling* is not a superseding contrary Supreme Court decision.  Rather than undermining *Garcia*'s result, *Stokeling* compels it.  *Stokeling* holds that the amount of force sufficient to overcome a victim's resistance satisfies *Johnson I*'s force standard. 139 S. Ct. at 555; *see also United States v. Ash*, 917 F.3d 1238, 1242 (10th Cir. 2019), *cert. filed*, No. 18-9639 (June 12, 2019) (noting, after *Stokeling*, that "[t]he line is drawn, therefore, between robbery that can be accomplished by the mere snatching of property and robbery that requires overcoming even slight victim resistance").  And, as interpreted in *Garcia*, New Mexico's robbery statute distinguishes "robbery" from "larceny" using a nearly identical standard as *Stokeling*: "[R]obbery is committed when attached property is

6

snatched or grabbed by sufficient force so as to overcome the resistance of attachment," *Curley*, 939 P.2d at 1105, but it is not committed by a "mere[] snatching . . . without any resistance from the victim," *Garcia*, 877 F.3d at 954. *See also State v. Martinez*, 513 P.2d 402, 402 (N.M. Ct. App. 1973) (affirming robbery conviction where "there was more than a 'mere snatching'"); *State v. Sanchez*, 430 P.2d 781, 782 (N.M. Ct. App. 1967) (stating that the force used "must overcome the victim's resistance" and reversing a robbery conviction because facts were "comparable to those pickpocket or purse snatching cases").

To be sure, in *Ash*, we noted that the standard applied in *Garcia* was "arguably . . . different" than the standard applied by the Supreme Court in *Stokeling*. 917 F.3d at 1242 n.5. That is, rather than determining only whether New Mexico robbery requires force to overcome a victim's resistance, *Garcia* drew a different line: whether the New Mexico statute requires "the use of *any* physical force" to overcome the victim's resistance *or* something "more than minimal actual force." 877 F.3d at 950 (emphasis in original). But *Stokeling* held that either of these readings of New Mexico law would satisfy *Johnson I*, concluding that *any* "force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*." 139 S. Ct. at 553. Thus, *Stokeling* does not undermine *Garcia*'s result.[2]

_____

[2] Mr. Manzanares also relies on our post-*Stokeling* decision in *United States v. Bong*, 913 F.3d 1252 (10th Cir. 2019), but *Bong* involved a different state statute than the one at issue here. In *Bong*, we concluded that a conviction under Kansas's robbery statute did not qualify as a violent felony because Kansas law, in contrast with that of New Mexico, permits a defendant to be convicted of violating the statute without any

7

Moreover, because there has been no intervening change in state law, we are bound by *Garcia*'s interpretation of New Mexico's robbery statute. *See Wankier*, 353 F.3d at 866. Mr. Manzanares argues that a post-*Garcia* state law decision, *State v. Barela*, No. A-1-CA-34945, 2018 WL 4959122, at *2 (N.M. Ct. App. Sept. 4, 2018), illustrates that New Mexico robbery can be perpetrated without any use, attempted use, or explicit threats of force. Aplt. Rep. Br. at 5. In *Barela*, the New Mexico Court of Appeals upheld the defendant's robbery conviction because the evidence showed the defendant had uttered threats of violence, which satisfied the state's obligation to show that the defendant took the purse by threatened force or violence. *See id.* Because *Barela* required a threatened use of violence to uphold a robbery conviction, it likewise does not undermine *Garcia*.[3]

---

resistance by or injury to the victim. 913 F.3d at 1262, 1264. In other words, Kansas robbery falls on the other side of the "snatching" line.

[3] Even if we were not bound by *Garcia*'s interpretation of New Mexico's robbery statute, we would conclude that the statute, as applied by New Mexico courts, requires force that overcomes the victim's resistance rather than the mere snatching of property. *See Curley*, 939 P.2d at 1105; *Martinez*, 513 P.2d at 402; *Sanchez*, 430 P.2d at 782; *see also State v. Bernal*, 146 P.3d 289, 296 (N.M. 2006) (noting that robbery is "distinct from larceny because it requires, and is designed to punish, the element of force"). Mr. Manzanares, however, points to *State v. Clokey*, 553 P.2d 1260, 1260 (N.M. 1976), where the New Mexico Supreme Court held that "the evidence supported the verdict of the jury that the snatching of the purse was accompanied by force sufficient to convert the crime from larceny to robbery." But the New Mexico Court of Appeals, in its post-*Clokey* decisions, has not interpreted *Clokey* as requiring an amount of force less than necessary to overcome a victim's resistance. *See, e.g.*, *Curley*, 939 P.2d at 1105 (noting that "the issue in [*Clokey*] was not whether there was evidence justifying a lesser-included-offense instruction [of larceny]").

8

Given *Stokeling*'s holding that force which overcomes a victim's resistance is violent force, and *Garcia*'s holding that New Mexico's robbery statute requires that level of force, we affirm the district court's conclusion that Mr. Manzanares's New Mexico armed robbery conviction satisfies the Elements Clause.

### III

Mr. Manzanares has also moved to expand the COA to address his other two underlying prior convictions. A COA requires "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that Mr. Manzanares "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### A

One of Mr. Manzanares's prior convictions is for aggravated assault with a deadly weapon, in violation of N.M. Stat. Ann. § 30-3-2(A). Under N.M. Stat. Ann. § 30-3-2(A), "[a]ggravated assault consists of . . . unlawfully assaulting or striking at another with a deadly weapon." This court has twice held that § 30-3-2(A) satisfies the Elements Clause. *See United States v. Maldonado-Palma*, 839 F.3d 1244, 1250 (10th Cir. 2016) (holding § 30-3-2(A) is categorically a crime of violence under the Elements Clause of United States Sentencing Guidelines Manual § 2L1.2);[4] *United States*

---

[4] Given the "similarity in language between the ACCA and [the Sentencing Guidelines]" defining "violent felony" and "crime of violence," respectively, we may "look[ ] to precedent under one provision for guidance under another in determining whether a conviction qualifies as a violent felony." *Ramon Silva*, 608 F.3d at 671 (quotations omitted).

*v. Ramon Silva*, 608 F.3d 663, 674 (10th Cir. 2010) (holding § 30-3-2(A) is categorically a violent felony under the Elements Clause), *abrogated on other grounds by Mathis v. United States*, 136 S. Ct. 2243 (2016).

Mr. Manzanares argues that *Maldonado-Palma* and *Ramon Silva* were wrongly decided and that they are undermined by a subsequent New Mexico Court of Appeals decision, *State v. Branch*, 417 P.3d 1141 (N.M. Ct. App. 2018) (*Branch II*), because *Branch II* holds that aggravated assault does not require a specific intent to use a deadly weapon "against the person of another." But *Branch II*'s holding that aggravated assault is a general-intent crime did not alter the state of the law. Rather, as *Ramon Silva* recognized, "aggravated assault does not require proof of a specific intent to assault the victim, or of a specific intent to injure or even frighten the victim[; thus confirming] that aggravated assault is not a specific intent crime, but rather is a general intent crime." 608 F.3d at 673 (brackets, citations, and internal quotation marks omitted). The offense is a violent felony because it requires "unlawfully assaulting or striking at another," § 30-3-2(A), employing a deadly weapon, *Maldonado-Palma*, 839 F.3d at 1250, with general criminal intent, *see Ramon Silva*, 608 F.3d at 673, all of which we have held at least threaten the use of physical force against the person of another. Given this court's binding precedent, no reasonable jurist could debate the district court's conclusion that Mr. Manzanares's New Mexico conviction for aggravated assault with a deadly weapon satisfies the Elements Clause.

10

**B**

Mr. Manzanares's other prior conviction is for aggravated battery, in violation of N.M. Stat. Ann. § 30-3-5(C). N.M. Stat. Ann. § 30-3-5 states:

> A. Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.
>
> B. Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.
>
> C. Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony.

Mr. Manzanares argues that a conviction under § 30-3-5(C) does not categorically require *Johnson I*-level force because "New Mexico aggravated battery is focused on the resulting harm to the person[,] not the force behind the unlawful touching." Aplt. Br. at 57. For this proposition, Mr. Manzanares relies on *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005), and *United States v. Rodriguez-Enriquez*, 518 F.3d 1191 (10th Cir. 2008). Aplt. Br. at 54.

However, we expressly overruled *Rodriguez-Enriquez* and *Perez-Vargas* in *United States v. Ontiveros*, 875 F.3d 533, 536 (10th Cir. 2017), citing and relying on the Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157 (2014). The Supreme Court in *Castleman* "specifically rejected the contention that 'one can cause bodily injury without the use of physical force.'" *Ontiveros*, 875 F.3d at 536

11

(quoting *Castleman*, 572 U.S. at 170). Thus, in *Ontiveros*, we concluded that Colorado second-degree assault is a crime of violence, even though the crime's elements "focus on the result of the conduct (serious bodily injury), not the conduct itself." *Id.* (holding that "*Perez-Vargas* and *Rodriguez-Enriquez* relied on reasoning that is no longer viable in light of *Castleman*"). Mr. Manzanares contends that *Rodriguez-Enriquez* and *Perez-Vargas* "should remain binding precedent," Aplt. Br. at 57, but we are bound by *Ontiveros* and the Supreme Court's ruling in *Castleman*. The district court's conclusion that Mr. Manzanares's conviction under § 30-3-5(C) satisfies the Elements Clause is not reasonably debatable.

## IV

We affirm the district court's denial of Mr. Manzanares's § 2255 motion, deny his motion to expand the COA, and deny as moot the government's motion for summary affirmance.