**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY LYNN WOOD,

Defendant - Appellant.

No. 19-1477
(D.C. No. 1:19-CR-00196-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT[*]**
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

In 1999, Georgia state courts sentenced Defendant Anthony Wood for several

sex offense convictions.  In 2006, Congress enacted the Sex Offender Registration

and Notification Act (SORNA), 34 U.S.C. §§ 20901 et seq.  SORNA established a

comprehensive, national sex offender registration system.  In SORNA, Congress gave

the Attorney General the authority to determine SORNA's retroactive reach.

Exercising that authority, the Attorney General concluded that SORNA should apply

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

to all pre-Act offenders—thus requiring Defendant to comply with the new registration scheme.

Defendant failed to register. A federal grand jury indicted Defendant for failure to register in violation of 18 U.S.C. § 2250(a)(1), 2(B), and (3). [ROA Vol. I at 4–5.] Defendant filed a motion to dismiss the indictment, contending that Congress unconstitutionally delegated legislative power to the Attorney General when it authorized the Attorney General to determine SORNA's applicability to sex offenders convicted before the enactment of the statute. [Id. at 7–12.] The district court denied that motion. [Id. at 14.]. Defendant entered a conditional guilty plea and appealed the district court's denial. [Id. at 15.] Exercising jurisdiction under 28 U.S.C. § 1291, we review de novo the district court's denial of a motion to dismiss an indictment. United States v. Wagner, 951 F.3d 1232, 1253 (10th Cir. 2020).

In this case, our inquiry is a short one. Defendant acknowledges that the Supreme Court's decision in Gundy v. United States, 139 S. Ct. 2116 (2019), and our prior decision in United States v. Nichols, 775 F.3d 1225 (10th Cir. 2014), rev'd on other grounds, Nichols v. United States, 136 S. Ct. 1113 (2016), foreclose his argument. [ROA Vol. I at 10.] Defendant concedes that he raises this argument only for the purpose of preserving it for future appeal or in the event of an intervening change in the law. [Id. at 11; see also Opening Br. at 2.] We agree with Defendant that the Supreme Court upheld Congress's SORNA delegation.[1] Gundy, 139 S. Ct. at

---

[1] We recently rejected the same argument Defendant raises here. United States v. Six, 775 F. App'x 443, 444 (10th Cir. 2019) (unpublished) (rejecting the same

2

2130–31 (Alito, J., concurring) (plurality opinion); see also Nichols, 775 F.3d at 1232 (reaching the same conclusion as Gundy that Congress's SORNA delegation did not violate the nondelegation doctrine).

Of course, we are bound by Supreme Court decisions and cannot overrule a prior panel decision of this Court. United States v. Manzanares, 956 F.3d 1220, 1225 (10th Cir. 2020). Accordingly, we conclude—as Defendant concedes—that Defendant's argument fails.

AFFIRMED.

Entered for the Court

Joel M Carson III
Circuit Judge

---

argument because "Gundy did not disturb our prior holding in Nichols that [SORNA] did not violate the nondelegation doctrine"); see also Gundy, 139 S. Ct. at 2128 (clarifying that SORNA does not allow the Attorney General to determine whether to apply the Act to pre-Act offenders, but only how to do so).