**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTHONY RAY YBARRA,

    Defendant - Appellant.

No. 19-2142
(D.C. No. 1:18-CR-03316-JCH-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the parties' briefs and the appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, on August 17, 2020, this court entered an order submitting the appeal without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

On April 2, 2019, Defendant Anthony Ybarra pleaded guilty to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). The Armed Career Criminal Act ("ACCA") requires a district court to sentence a defendant convicted under § 922(g) to a minimum term of fifteen years if he has three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). The United States Sentencing Guidelines ("USSG") also set minimum offense levels for such defendants. *See* USSG § 4B1.4.

Ybarra's Presentence Investigation Report ("PSR") noted that Ybarra had the following prior New Mexico convictions: residential burglary, aggravated battery against a household member, and aggravated assault with a deadly weapon. Based on these state convictions, the PSR concluded Ybarra qualified as an armed career criminal under the ACCA and, thus, his offense level under the USSG was thirty-four. *See* USSG § 4B1.4(b)(3)(A). The PSR applied a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of thirty-one. Combined with Ybarra's criminal-history category of VI, this offense level led to an advisory sentencing range of 188 to 235 months. The district court adopted the calculation in the PSR and sentenced

Ybarra to 188 months' imprisonment, the bottom of the ACCA-enhanced guidelines range.

Ybarra argues his sentence was improperly enhanced because he is not subject to the provisions of the ACCA. Specifically, he asserts his prior New Mexico convictions for aggravated assault with a deadly weapon and aggravated battery on a household member are not violent felonies because neither crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Exercising jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291, we **affirm** Ybarra's sentence.

## II. Discussion

### A. Standard of Review

The relevant provision of the ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has held that "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). "To determine if a prior conviction qualifies as a violent felony under the ACCA, we apply the categorical approach, focusing on the

-3-

elements of the crime of conviction, not the underlying facts." *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017). "Whether a prior conviction satisfies the ACCA's violent felony definition is a legal question we review de novo." *United States v. Titties*, 852 F.3d 1257, 1263 (10th Cir. 2017).

### B. *Aggravated Battery Against a Household Member*

Under New Mexico law, aggravated battery against a household member "consists of the unlawful touching or application of force to the person of a household member with the intent to injure that person." N.M. Stat. Ann. § 30-3-16. Aggravated battery is a felony if it "is committed: (1) by inflicting great bodily harm; (2) with a deadly weapon; (3) by strangulation or suffocation; or (4) in any manner whereby great bodily harm or death can be inflicted." *Id*. § 30-3-16(C). Ybarra was convicted of the felony version of the crime. He argues the crime does not have as an element the violent physical force required under the ACCA because it focuses on the resulting harm to the victim, not the force behind the unlawful touching. According to Ybarra, the crime can be committed by *any* unlawful touching that may result in death or serious injury.

Ybarra's argument is foreclosed by this court's recent decision in *United States v. Manzanares*, 956 F.3d 1220 (10th Cir. 2020). In *Manzanares*, we held that the New Mexico crime of aggravated battery is a violent felony for purposes of the ACCA, rejecting the identical argument Ybarra makes here, *i.e.*, that the

degree of force required cannot be measured in terms of the resulting harm. *Id*. at 1228. The holding in *Manzanares* was compelled by the Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157, 169 (2014), a case in which the Court held that "knowing or intentional causation of bodily injury *necessarily* involves the use of physical force." *See also United States v. Ontiveros*, 875 F.3d 533, 536 (10th Cir. 2017) (noting the *Castleman* Court "specifically rejected the contention that 'one can cause bodily injury without the use of physical force'"). *Manzanares* also relied on *United States v. Ontiveros*, a post-*Castleman* case in which this court "concluded that Colorado second-degree assault is a crime of violence, even though the crime's elements 'focus on the result of the conduct (serious bodily injury), not the conduct itself.'" *Manzanares*, 956 F.3d at 1228.

Because he was convicted of the felony version of aggravated battery against a household member, Ybarra, at a minimum, unlawfully touched another person with an "intent to injure," and in a "manner whereby great bodily harm or death can be inflicted." N.M. Stat. Ann. § 30-3-16(A), (C). Under this court's holdings in *Ontiveros* and *Manzanares*, and the Supreme Court's holding in *Castleman*, Ybarra's crime categorically involved the degree of physical force necessary to satisfy the ACCA's definition of violent felony.

*C. Aggravated Assault with a Deadly Weapon*

Ybarra next argues his New Mexico conviction for aggravated assault with a deadly weapon is not a predicate offense for purposes of the ACCA because the crime does not have as an element the use, attempted use, or threatened use of physical force against the person of another. This argument is also foreclosed by this court's precedent.

Aggravated assault with a deadly weapon under N.M. Stat. Ann. § 30-3-2(A) is defined as "unlawfully assaulting or striking at another with a deadly weapon." Simple assault can be committed in one of three ways: (1) attempting to commit a battery upon the person of another, (2) engaging in any unlawful act, threat, or menacing conduct which causes another person to reasonably believe he is in danger of receiving an immediate battery, or (3) using insulting language toward another impugning his honor, delicacy or reputation. N.M. Stat. Ann. § 30-3-1. In *United States v. Maldonado-Palma,* this court held that all three methods of violating N.M. Stat. Ann. § 30-3-2(A) are categorically crimes of violence for purposes of the Sentencing Guidelines because the "key element" of the crime of aggravated assault with a deadly weapon, regardless of how the assault is committed, is the *use* of a deadly weapon.[1] 839 F.3d 1244,

---

[1]Although *Maldonado-Palma* involved the definition of crime-of-violence for purposes of the Sentencing Guidelines, we look to the Guidelines for guidance

(continued...)

1250 (10th Cir. 2016). In reaching this conclusion, *Maldonado-Palma* addressed and rejected the argument made here by Ybarra that a defendant can be convicted of aggravated assault with a deadly weapon if he simply possesses the weapon while using insulting language toward another person. *Id*. And, in *United States v. Ramon Silva*, this court rejected Ybarra's alternative argument that the crime is not a violent felony because it does not require "proof of a specific intent to assault the victim, or of a specific intent to injure or even frighten the victim." 608 F.3d 663, 674 (10th Cir. 2010), *abrogated on other grounds by Mathis v. United States*, 136 S. Ct. 2243 (2016); *see also Manzanares*, 956 F.3d at 1227 (rejecting the argument, also made here by Ybarra, that the holding in *Ramon Silva* is contrary to New Mexico law).

Recognizing that *Maldonado-Palma* compels the conclusion his New Mexico conviction for aggravated assault with a deadly weapon is a predicate offense under the ACCA, Ybarra asks us to "reexamine" *Maldonado-Palma.* This panel, however, is "bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 n.6 (10th Cir. 2017) (quotation

---

[1](...continued)
"in determining whether a conviction qualifies as a violent felony" because of "the similarity in language between the ACCA and [Guidelines]." *United States v. Ramon Silva*, 608 F.3d 663, 671 (10th Cir. 2010) (quotation omitted), *abrogated on other grounds by Mathis v. United States*, 136 S. Ct. 2243 (2016).

-7-

omitted).  Accordingly, the district court did not err when it enhanced Ybarra's sentence based on his conviction for aggravated assault with a deadly weapon.

**III.  Conclusion**

Ybarra's sentence is **affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge