FILED
United States Court of Appeals
Tenth Circuit

October 5, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HERBERT ISAAC PERKINS,

Defendant - Appellant.

No. 22-2043
(D.C. Nos. 1:16-CV-00714-KWR-JHR &
1:07-CR-01010-KWR-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MORITZ**, and **EID**, Circuit Judges.
_____

Herbert Isaac Perkins seeks a certificate of appealability (COA) to appeal from the

district court's dismissal of his successive 28 U.S.C. § 2255 motion.  We deny a COA.

I.  Background

A jury convicted Mr. Perkins of four counts for his role in a convenience-store

robbery:  one count of interference with commerce by threats or violence, in violation of

18 U.S.C. § 1951 (also known as Hobbs Act robbery); two counts of discharging a

firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c);

and one count of being a felon in possession of ammunition, in violation of 18 U.S.C.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 922(g)(1). The district court sentenced Mr. Perkins to life in prison on the first count (Hobbs Act robbery), after enhancing his sentence under the three-strikes provision in 18 U.S.C. § 3559(c)(1). That provision mandates the imposition of a life sentence when a person is convicted in federal court of a serious violent felony and the person has two or more prior convictions for serious violent felonies. *See* § 3559(c)(1)(A)(i). The court sentenced Mr. Perkins to a 10-year sentence on the first § 924(c) count and a 25-year sentence on the second § 924(c) count. And it sentenced him to a 780-month sentence for the § 922(g)(1) count. The § 922(g)(1) conviction was subject to the enhanced-penalty provisions of the Armed Career Criminal Act (ACCA) in 18 U.S.C. § 924(e), and Mr. Perkins was also found to a be a career offender under § 4B1.1 of the Sentencing Guidelines.

Mr. Perkins appealed, and we affirmed the judgment. *United States v. Perkins*, 342 F. App'x 403, 412 (10th Cir. 2009). He then filed his first § 2255 motion, which the district court denied.

After the Supreme Court issued its decision in *Johnson v. United States*, 576 U.S. 591 (2015), Mr. Perkins filed another § 2255 motion, seeking relief based on *Johnson*. The district court determined the motion was an unauthorized second or successive § 2255 motion and transferred it to this court. We subsequently directed Mr. Perkins to supplement his motion for authorization to address the implications of the decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019).

We then granted authorization for Mr. Perkins to file a successive § 2255 motion to challenge his § 924(c) convictions and sentences and the enhancement of his sentence under the ACCA. He subsequently filed a successive § 2255 motion seeking to challenge his § 924(c) convictions and sentences and the ACCA sentencing enhancement, as well as his conviction for Hobbs Act robbery.

He argued his Hobbs Act robbery and § 924(c) convictions were invalid under *Davis* because Hobbs Act robbery qualified as a predicate crime of violence only as that term is defined in § 924(c)(3)'s residual clause. In *Davis*, the Supreme Court held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. He also argued his sentence for his § 922(g)(1) conviction was invalid because he did not have three previous convictions that met the definition of a violent felony without the use of the residual clause in § 924(e). In *Johnson*, the Supreme Court held that the residual clause in § 924(e)(2)(B) is unconstitutionally vague. 576 U.S. at 606.

The magistrate judge concluded: (1) the district court lacked jurisdiction to address the merits of the challenge to the Hobbs Act robbery conviction because the Tenth Circuit had not granted authorization to challenge that conviction; (2) the holding in *Davis* does not extend to the elements clause in § 924(c)(3)(A), and it is settled law in the Tenth Circuit that Hobbs Act robbery is categorically a crime of violence under the elements clause; and (3) Mr. Perkins has three or more prior convictions that meet the definition of violent felony without the use of the residual clause in § 924(e). The magistrate judge therefore recommended dismissing Mr. Perkins's § 2255 motion with prejudice.

3

Mr. Perkins filed objections to the magistrate judge's proposed findings and recommended dispositions. The district court overruled the objections, adopted the magistrate judge's proposed findings and recommended dispositions, and dismissed the § 2255 motion with prejudice. Mr. Perkins now seeks a COA to appeal from that dismissal.

II.  Discussion

A.  *Hobbs Act robbery claim*

To obtain a COA of the district court's procedural ruling that it lacked jurisdiction to address Mr. Perkins's challenge to his Hobbs Act robbery conviction, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *See id*. at 485.

Mr. Perkins argues the district court erred in ruling that this court "did not authorize the review of the Hobbs Act robbery conviction," R., vol. 1 at 207. But he conceded in his successive § 2255 motion that our authorization order "did not address directly [his] challenge to the conviction and sentence on Count 1 [(Hobbs Act robbery)]." *Id.* at 148.

We have explained that "under the plain language of §§ 2255(h) and 2244(b)(3), prisoners must first obtain circuit-court authorization before filing a second or successive

4

habeas claim in district court." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). And we have further explained that "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *Id.* at 1251.

Our order granted Mr. Perkins "authorization to file a second or successive § 2255 motion in district court *limited* to challenges to his § 924(c) convictions and sentence and to the enhancement of his sentence under the ACCA." R., vol. 1 at 44 (emphasis added). We did not grant authorization for him to challenge his Hobbs Act robbery conviction. *See id.* Reasonable jurists would therefore not debate the district court's procedural ruling that it lacked jurisdiction to consider the merits of Mr. Perkins's unauthorized successive § 2255 claim challenging his Hobbs Act robbery conviction.

B.  *Section 924(c) and ACCA claims*

When a district court has rejected § 2255 claims on the merits, the showing to obtain a COA "is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

In his COA application, Mr. Perkins argues that Hobbs Act robbery is not a crime of violence as defined in § 924(c)(3)(A). But he also "acknowledges authority from the Tenth Circuit that is contrary to his position with respect to the issue whether Hobbs Act robbery is a crime of violence under the elements clause in § 924(c)(3)(A)." COA Appl. at 24 (citing *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065 (10th Cir. 2018)). And he further "acknowledges Circuit authority precluding this panel from diverging

5

from the prior precedent of another panel of this Court 'absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court.'" *Id.* at 24-25 (quoting *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993)). At the conclusion of his argument, he states that he "raises this issue for purposes of preservation for *en banc* reconsideration and/or Supreme Court review." *Id.* at 29.

Binding Tenth Circuit precedent holds that Hobbs Act robbery is categorically a crime of violence under the elements clause in § 924(c)(3)(A), *see Melgar-Cabrera*, 892 F.3d at 1060-61, 1060 n.4, 1065; *United States v. Baker*, ___F.4th___, No. 3062, 2022 WL 4458434, at \*5-8 (10th Cir. Sept. 26, 2022), and Mr. Perkins's § 924(c) convictions were predicated on his Hobbs Act robbery conviction. Reasonable jurists could therefore not debate the district court's conclusion that Mr. Perkins's § 924(c) convictions remain valid after *Davis*.

Finally, Mr. Perkins argues he has not been convicted of three or more violent felonies within the meaning of § 924(e). But he again acknowledges that there is contrary Tenth Circuit precedent on whether certain of his convictions satisfy the elements clause under the ACCA. *See* COA Appl. at 31 (citing *United States v. Manzanares*, 956 F.3d 1220, 1226 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 1396 (2021)). And he again states he is raising this issue to preserve it for en banc consideration and/or Supreme Court review. *Id.*

Because binding Tenth Circuit precedent holds that convictions for New Mexico armed robbery and New Mexico aggravated battery are violent felonies under the elements clause in § 924(e), *see Manzanares*, 956 F.3d at 1226, 1228, and Mr. Perkins's

6

sentence was enhanced due to prior convictions for those same offenses, reasonable jurists would not debate the district court's determination that his ACCA sentence enhancement remains valid after *Johnson*.

III.  Conclusion

We deny a COA.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk