FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GERARDO GAMEZ-REYES, a/k/a
Gerardo Humberto Gamez-Reyes, a/k/a
Humberto Gamez-Reyes, a/k/a David
Torres, a/k/a David Torros-Reyes, a/k/a
Ruben Reyes, a/k/a Ruben Gamez, a/k/a
Manuel Munoz,

    Defendant - Appellant.

No. 22-1245
(D.C. No. 1:21-CR-00123-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

_____

Gerardo Gamez-Reyes appeals his conviction under 8 U.S.C. § 1326 for illegal

reentry, arguing the statute violates the right to equal protection found in the Due

Process Clause of the Fifth Amendment. Mr. Gamez-Reyes admits, however, that his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

argument is foreclosed by *United States v. Amador-Bonilla*, 102 F.4th 1110 (10th Cir. 2024). For that reason, we affirm.

## I.     BACKGROUND

Mr. Gamez-Reyes was indicted on April 8, 2021, for violating 8 U.S.C. § 1326(a) and (b)(1) by reentering the United States without authorization after he was previously deported. Mr. Gamez-Reyes filed a motion to dismiss the indictment, in which he argued § 1326 is unconstitutional under the Due Process Clause because it was enacted with discriminatory intent and disparately impacts Latinx immigrants. The district court denied the motion to dismiss because it found Mr. Gamez-Reyes had not produced sufficient evidence that Congress was motivated by discriminatory animus when it enacted § 1326. Mr. Gamez-Reyes subsequently entered a conditional plea of guilty to a violation of § 1326(a) and (b)(1), preserving his right to appeal the denial of the motion to dismiss.

## II.     ANALYSIS

On appeal, Mr. Gamez-Reyes argues his conviction should be vacated on the ground that § 1326 is unconstitutional. He asserts that, under the test from *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), he produced sufficient evidence showing the statute was enacted with discriminatory intent. Specifically, Mr. Gamez-Reyes points to evidence of discriminatory animus underlying the Undesirable Aliens Act of 1929—which created a predecessor statute to § 1326—and Congress's failure to acknowledge the animus that permeated the 1929 legislation when it enacted § 1326 in 1952. But Mr. Gamez-Reyes concedes that

his argument has already been rejected by this court in a published opinion. *See*

*Amador-Bonilla*, 102 F.4th at 1113. He therefore raises this argument "for

preservation purposes only." Appellant's Br. at 2.

In light of this concession and our binding precedent rejecting

Mr. Gamez-Reyes's theory, we affirm his conviction for a violation of § 1326(a) and

(b)(1). *See United States v. Manzanares*, 956 F.3d 1220, 1225 (10th Cir. 2020) ("We

are bound by the precedent of prior panels absent en banc reconsideration or a

superseding contrary decision by the Supreme Court." (quotation marks omitted)).

### III.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

Entered for the Court

Carolyn B. McHugh
Circuit Judge