**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TONG LIN,

    Defendant - Appellant.

No. 24-6130
(D.C. No. 5:23-CR-00237-SLP-2)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **SEYMOUR**, and **BACHARACH**, Circuit Judges.
_____

Defendant Tong Lin appeals his conviction for conspiracy to possess with the intent to distribute 1,000 or more marijuana plants, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. He argues on appeal that: (1) the evidence was insufficient to support the jury's verdict, (2) the district court erred in excluding evidence of his belief that the distribution of marijuana was legal under state law, (3) the district court erred in instructing the jury on deliberate ignorance, and (4) there was cumulative error sufficient to reverse the jury's verdict. For the reasons explained below, we reject each of these arguments and affirm Mr. Lin's conviction.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.   Background[1]

In late 2021 and early 2022, the FBI, Oklahoma Bureau of Narcotics, and the Oklahoma City Police Department started an investigation into illegal marijuana distribution in Oklahoma. This investigation led law enforcement to conclude that Brandon Ye was collecting marijuana from grow locations throughout Oklahoma for redistribution out of state. Mr. Ye used multiple vehicles to conduct these collections, including a van marked as belonging to Arch Granite (his former business) and a blue Mercedes sprinter van disguised as an Amazon delivery van.

Beginning in April 2022, Mr. Ye would use these vans (first the Arch Granite van and later the fake Amazon van) to make collections from black market marijuana grows throughout Oklahoma. Several times per week he collected hundreds of pounds of marijuana, vacuum-sealed in individual packages and contained in black trash bags or in commercial boxes from, among other places, Home Depot, and brought it back to his Arch Granite warehouse. On Fridays, the collected marijuana was loaded into a semi-truck and driven out of state for further distribution.

One of the grows Mr. Ye visited approximately a dozen times over a four-month period was a black-market marijuana grow location in Wetumka, Oklahoma operated by Jeff Weng and Mr. Lin. Mr. Ye picked up about 150 pounds of marijuana each time he visited, and Mr. Lin was one of the people who helped him load the bags and boxes of marijuana into his fake Amazon van.

---

[1] The Court limits its recounting of the factual background to facts relevant to the issues on appeal.

On May 17, 2023, law enforcement executed a search warrant on the Wetumka grow. Agents seized 19,661 marijuana plants and 460 pounds of processed or loose marijuana. They also found and seized a firearm and holster, and two bundles of vacuum-sealed cash totaling over $100,000 hidden in the attic above the master bedroom closet. Law enforcement also interviewed Mr. Lin, who told them he had worked at the grow for five months and described himself as a "management intern." Rec., vol. I at 275. Mr. Lin's initials appeared on employee to-do lists posted on several of the buildings.

Mr. Lin was charged with one count of conspiracy to possess with the intent to distribute 1,000 or more marijuana plants, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. Mr. Lin pled not guilty but was convicted by a jury at trial and sentenced to 120 months' imprisonment together with a term of supervised release of five years. This timely appeal followed.

## II.    Analysis

Mr. Lin challenges his conviction on several different grounds. First, he contends that the government failed to provide sufficient evidence that the plants recovered from the Wetumka grow were in fact marijuana. Because Mr. Lin did not move for a judgment of acquittal as required under Federal Rule of Criminal Procedure 29(a), we review his sufficiency of the evidence claim for plain error.

The jury heard evidence that the site was a state-licensed medical marijuana grow. It also heard evidence from Mr. Ye that the substance he collected from the Wetumka grow was marijuana. Though the government provided significantly more

evidence than this, these two examples alone are more than sufficient to uphold the jury's finding that the plants in question were marijuana.

Second, Mr. Lin argues that the evidence was insufficient to prove his knowledge that possession and distribution of marijuana was illegal and argues that he should have been able to present evidence to the jury that he was unaware of the discrepancy between state and federal law regarding the legality of marijuana. We address these two related issues in turn.

The parties disagree about what the government's burden is in this case. Mr. Lin contends that the government must prove he knew that the substance in question was controlled (even if he didn't know exactly what the substance was). The government argues that it could also prove simply that Mr. Lin knew what the substance was, even if he didn't know that it was controlled. The argument turns on whether *dicta* from *McFadden v. United States*, 576 U.S. 186 (2015), should still control. However, we have no need to reach this question yet, as the evidence presented at trial was more than sufficient for a reasonable jury to find that Mr. Lin knew both that he was dealing with marijuana, and that he was doing so outside the law. "The government can, and ordinarily does, prove knowledge and intent through circumstantial evidence." *United States v. Banks*, 884 F.3d 998, 1018 (10th Cir. 2018). "[I]n fact, it is rarely established by other means." *United States v. Nguyen*, 413 F.3d 1170, 1175 (10th Cir. 2005). Here, the circumstantial evidence was substantial. A firearm and over $100,000 in cash were found at the grow, items associated with the illegal distribution of drugs. Given Mr. Lin's managing role at the

4

grow in Mr. Weng's absence, the government contends the jury could have reasonably inferred that he knew of and had access to the gun and the cash. Even more compelling, however, is the fact that Mr. Lin helped load the marijuana into the fake Amazon delivery truck. Mr. Lin saw and participated in the great efforts Mr. Ye took to conceal the marijuana; not only was it transported in a fake Amazon delivery truck, but within the truck it was stored in vacuum-sealed bags and packed in retail store boxes. Simply put, Mr. Lin either knew what he was doing was illegal, or he didn't want to know (which foreshadows an argument we will address promptly).

"A district court has broad discretion to determine the admissibility of evidence, and we review the district court's ruling for abuse of discretion." *United States v. Merritt*, 961 F.3d 1105, 1111 (10th Cir. 2020). Mr. Lin argues that the district court erred in granting the government's motion in limine, excluding any evidence of the defendants' alleged compliance with state law. We disagree. Turning to the earlier question of *McFadden*, this Court has already specifically adopted the two methods of establishing the mens rea set forth therein. "[U]nder *McFadden* it was enough that Defendant knew that he was distributing fentanyl, regardless of whether he knew that it was a controlled substance." *United States v. Shamo*, 36 F.4th 1067, 1076 (10th Cir. 2022). This panel "cannot overrule the judgment of another panel," and we are "bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *United States v. Manzanares*, 956 F.3d 1220, 1225 (10th Cir. 2020). No such en banc reconsideration has occurred nor has a superseding contrary decision been issued. As

a result, all the government had to prove in this case to establish sufficient mens rea was that Mr. Lin knew the substance was marijuana; his subjective beliefs about its legality, however well-founded, are completely irrelevant.[2]

Mr. Lin also raises the issue of entrapment by estoppel, but he does so after having waived it. We accordingly decline to address it. *See United States v. Bradley*, 97 F.4th 1214, 1221 (10th Cir. 2024) ("'When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all—for plain error or otherwise.'" (quoting *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019)).

Turning to jury instructions, Mr. Lin argues that the district court's inclusion of the Tenth Circuit Pattern Jury Instruction on deliberate ignorance constituted plain error. But we find no error, plain or otherwise. "A deliberate ignorance instruction is appropriate when a defendant denies knowledge of an operant fact but the evidence, direct or circumstantial, shows that defendant engaged in deliberate acts to avoid actual knowledge of that operant fact." *United States v. Delreal-Ordones*, 213 F.3d 1263, 1268 (10th Cir. 2000). "The district court need not insist upon direct evidence of conscious avoidance of a fact before tendering a deliberate ignorance instruction." *Id*. Instead, the district court may "rely on circumstantial evidence and the benefit of

---

[2] Because irrelevancy is sufficient justification to exclude evidence, we decline to address the district court's additional finding that the proffered evidence was prejudicial and could lead to jury nullification.

the favorable inferences to be drawn therefrom." *Id*. Such is the situation in this case. If Mr. Lin did not know that he was participating in an illegal conspiracy as he packed marijuana into a fake Amazon delivery truck, it raises the reasonable question of whether he was willfully ignorant—exactly the circumstances that would call for a deliberate ignorance jury instruction.

Because we have determined the district court did not err in deciding any of the issues raised on appeal, we decline to consider Mr. Lin's argument for cumulative error.

## III.  Conclusion

Mr. Lin has not shown that the evidence against him was insufficient to sustain his conviction, nor has he shown any error on the part of the district court. Accordingly, we affirm.

Entered for the Court

Stephanie K. Seymour
Circuit Judge